UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-80309-BLOOM/Reinhart

THOMAS FITZSIMMONS,

    Plaintiff,

v.

SAND AND SEA HOMEOWNERS
ASSOCIATION, INC., *a Florida non-profit
corporation*; LAUTREC MANAGEMENT CO.,
*a foreign corporation* d/b/a Sand & Sea Village
Management, Sand & Sea Mobile Park, and Sand
& Sea Village Mobile Home Community, The
Management of Sand and Sea Village; and
SAND & SEA PARTNERS LIMITED, *a Florida
limited partnership,* d/b/a Sand & Sea Village,
and Sand and Sea Village Mobile Home
Community and Sand and Sea Mobile Park,

    Defendants.
_____/

## ORDER ON MOTION FOR SUMMARY JUDGMENT

**THIS CAUSE** is before the Court upon Defendants Sand & Sea Partner, Ltd. and Lautrec Ltd.'s (together, "Defendants") Motion for Summary Judgment, ECF No. [50] ("Motion"), filed on October 31, 2018. Plaintiff Thomas Fitzsimmons ("Plaintiff") failed to file a response, despite the Court's providing additional time beyond the original deadline for him to do so.[1] Under the Local Rules, the Court may deem such failure sufficient cause to grant the Motion by default. *See* S.D. Fla. L.R. 7.1(c). Nevertheless, the Court has reviewed the Motion, the record in this case and the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted.

---

[1] A response to the Motion was due on November 14, 2018. When Plaintiff failed to timely respond, the Court entered an order requiring Plaintiff's response by November 26, 2018. *See* ECF No. [53]. Plaintiff also failed to file any response by the extended deadline.

## I. INTRODUCTION

Plaintiff commenced this action in March, 2018, alleging that he rents a unit on property owned and managed by Defendants, and that he is disabled. *See* Complaint, ECF No. [1] ¶¶ 4-5. Plaintiff purchased a dog in June, 2017, to serve as a service dog, allegedly upon advice from his neurologist. *Id*. ¶ 8. In October, 2017, Plaintiff received a notice of violation, stating that Rottweilers are not permitted. Plaintiff thereafter went to the property management office to inform Defendants of his disability, and provide supporting documentation, including his driver's license, disabled person's parking permit, a monthly Social Security statement indicating his disability, and a service dog photo identification card for his dog, and service dog vest. *Id*. ¶ 10. Despite providing the documentation, Plaintiff alleges he was harassed and discriminated against by Defendants, and that Defendants failed to provide a reasonable accommodation in violation of the Fair Housing Act ("FHA"), 42 U.S.C. § 3604.

## II. UNDISPUTED FACTS

By failing to respond, Plaintiff has admitted the material facts set forth in Defendants' Statement of Material Facts, ECF No. [49] ("SOMF"), which the Court finds are supported by evidence in the record. *See* S.D. Fla. L.R. 56.1 ("All material facts set forth in the movant's statement filed and supported as required . . . will be deemed admitted unless controverted by the opposing party's statement . . . ."). Therefore, the Court sets out the relevant facts below.

Defendants are the owners and managers of a mobile home community called Sand & Sea Village (the "Property"). SOMF, ¶ 1. Plaintiff has lived at the Property since about 2006. *Id*. ¶ 2. At the time that Plaintiff applied to live at the Property, he did not indicate the need for a service animal. *Id*. ¶ 3. Nevertheless, Defendants' community rules allow one (1) domesticated pet per household subject to approval. *Id*. ¶ 5. Plaintiff already had a dog living at

the property, which Defendants approved. *Id*. ¶ 8. Plaintiff became disabled as a result of an accident in 2009. *Id*. ¶ 6. Between his accident in 2009 and October, 2017, Plaintiff lived at the Property without the assistance of a service dog. *Id.* ¶ 7. On October 27, 2018, Plaintiff's wife submitted a written note informing Defendants that Plaintiff's six month-old puppy, a second dog, was living with him as a service dog. *Id*. ¶ 11.

Thereafter, Defendants requested that Plaintiff complete a medical release and reasonable accommodation request verification. *Id.* ¶ 12. Plaintiff did not complete the release or verification form, but instead provided service dog identification cards purchased from www.adaregistry.com, veterinary records for his service dog, his handicap parking placard, and copies of his disability checks. These items were the only supporting documentation the Plaintiff provided to Defendants. *Id*. ¶¶ 15, 23; ECF No. [49-4], ¶ 16. The ADA Registry service is not a certification process, and the only requirement to obtain a service dog identification card is a $55 payment. *Id.* ¶¶ 24-25. As a result of Plaintiff's failure to provide supporting evidence of his disability and need for a service dog, Defendants advised Plaintiff that his request for reasonable accommodation could not be granted. *Id*. ¶ 16.

### III. LEGAL STANDARD

A court may grant a motion for summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The parties may support their positions by citation to the record, including, *inter alia*, depositions, documents, affidavits, or declarations. *See* Fed. R. Civ. P. 56(c). An issue is genuine if "a reasonable trier of fact could return judgment for the non moving party." *Miccosukee Tribe of Indians of Fla. v. United States*, 516 F. 3d 1235, 1243 (11th Cir. 2008) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986)). A fact is

material if it "might affect the outcome of the suit under the governing law." *Id.* (quoting *Anderson*, 477 U.S. at 247-48). The court views the facts in the light most favorable to the non moving party and draws all reasonable inferences in the party's favor. *See Davis v. Williams*, 451 F.3d 759, 763 (11th Cir. 2006). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which a jury could reasonably find for the [non-moving party]." *Anderson*, 477 U.S. at 252. The Court does not weigh conflicting evidence. *See Skop v. City of Atlanta, Ga.*, 485 F.3d 1130, 1140 (11th Cir. 2007) (quoting *Carlin Comm'n, Inc. v. S. Bell Tel. & Tel. Co.*, 802 F.2d 1352, 1356 (11th Cir. 1986)).

The moving party shoulders the initial burden to demonstrate the absence of a genuine issue of material fact. *See Shiver v. Chertoff*, 549 F.3d 1342, 1343 (11th Cir. 2008). If a movant satisfies this burden, "the nonmoving party 'must do more than simply show that there is some metaphysical doubt as to the material facts.'" *Ray v. Equifax Info. Servs.*, L.L.C., 327 F. App'x 819, 825 (11th Cir. 2009) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). Instead, "the non-moving party 'must make a sufficient showing on each essential element of the case for which he has the burden of proof.'" *Id.* (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). The non-moving party must produce evidence, going beyond the pleadings, and by its own affidavits, or by depositions, answers to interrogatories, and admissions on file, designating specific facts to suggest that a reasonable jury could find in the non-moving party's favor. *Shiver*, 549 F.3d at 1343. But even where an opposing party neglects to submit any alleged material facts in controversy, a court cannot grant summary judgment unless it is satisfied that all of the evidence on the record supports the uncontroverted material facts that the movant has proposed. *See Reese v. Herbert*, 527 F.3d 1253, 1268-69,

4

1272 (11th Cir. 2008); *United States v. One Piece of Real Prop. Located at 5800 S.W. 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1103 n.6 (11th Cir. 2004).

## IV. ANALYSIS

Defendants seek summary judgment on Plaintiff's FHA claims on the basis that Plaintiff has not established that he is handicapped within the meaning of the FHA and that Defendants knew or should have known that Plaintiff was disabled, no accommodation was necessary, and therefore that Defendants did not violate the FHA by refusing to grant an accommodation. *See* Motion.

"[D]iscrimination under the Fair Housing Act includes a refusal to make a 'reasonable accommodation' for handicapped persons." *Loren v. Sasser*, 309 F.3d 1296, 1302 (11th Cir. 2002) (quoting *City of Edmonds v. Oxford House, Inc.*, 514 U.S. 725, 729-30 (1995)). Specifically, 42 U.S.C. § 3604 prohibits discrimination based on the refusal "to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling." 42 U.S.C. § 3604(f)(3)(B).

"To prevail on a Section 3604(f)(3)(B) claim, a plaintiff must establish that (1) he is disabled or handicapped within the meaning of the FHA, (2) he requested a reasonable accommodation, (3) such accommodation was necessary to afford him an opportunity to use and enjoy his dwelling, and (4) the defendants refused to make the requested accommodation." *Hawn v. Shoreline Towers Phase 1 Condo. Ass'n, Inc.*, 347 F. App'x 464, 467 (11th Cir. 2009) (citing *Schwarz v. City of Treasure Island*, 544 F.3d 1201, 1218-19 (11th Cir. 2008)). "The FHA's reasonable accommodation provision requires only those accommodations that 'may be necessary . . . to afford equal opportunity to use and enjoy a dwelling.'" *Schwarz*, 544 F.3d at

1226 (quoting 42 U.S.C. § 3604(f)(3)(B)) (emphasis removed). Thus, the determination of whether a particular accommodation is reasonable involves a very fact-specific inquiry and necessitates an examination of the particular circumstances. *Loren*, 309 F.3d at 1302 ("Whether a requested accommodation is required by law is highly fact-specific, requiring case-by-case determination.") (internal citation and quotation omitted); *see also Terrell v. USAir*, 132 F.3d 621, 626 (11th Cir. 1998) ("Whether an accommodation [under the ADA] is reasonable depends on specific circumstances.") (citation omitted). "Under the Fair Housing Act, plaintiffs have the burden of proving that a proposed accommodation is reasonable." *Loren*, 309 F.3d at 1302 (citation omitted). Moreover, a defendant will not be liable for denying a reasonable and necessary accommodation when it "never knew the accommodation was in fact necessary," meaning the defendant "must know or reasonably be expected to know of the existence of *both* the handicap and the necessity of the accommodation." *Hawn*, 347 F. App'x at 467 (citing *Schwarz*, 544 F.3d at 1219; *DuBois v. Ass'n of Apartment Owners of 2987 Kalakaua*, 453 F.3d 1175, 1179 (9th Cir. 2006)) (emphasis added). In evaluating reasonable accommodation claims under the FHA, courts may look to case law under the Rehabilitation Act and the Americans with Disabilities Act ("ADA") for guidance. *United States v. Hialeah Hous. Auth.*, 418 F. App'x 872, 876 (11th Cir. 2011) (citing *Schwarz*, 544 F.3d at 1220).

Logically, the first argument that must be considered is whether Plaintiff is handicapped as the term is used in the FHA. If Plaintiff is not "disabled or handicapped within the meaning of the FHA," all other arguments are irrelevant, as the first element of Plaintiff's FHA claim remains unsatisfied. *See Hawn*, 347 F. App'x at 467. Upon review, Plaintiff does not qualify.

Under the FHA, a handicap is defined as "a physical or mental impairment which substantially limits one or more of [a] person's major life activities; a record of having such an

impairment; or being regarded as having such an impairment." 42 U.S.C. § 3602(h). The only information in the record regarding Plaintiff's disability is contained in the Complaint. There, Plaintiff alleges that as a result of an accident, he suffered permanent brain injury, herniated discs in his neck, a broken back, and requires hip and knee surgeries significantly limiting his mobility. *See* ECF No. [1], ¶ 5. However, Plaintiff's allegations that are unsupported by record evidence are insufficient to defeat summary judgment. Although Plaintiff states, in response to Defendants' discovery requests, that he suffered a traumatic brain injury that affects his balance, speech, and short term memory, and identifies Dr. Paul Winner as his neurologist; it does not appear that Plaintiff provided any supporting documentation with respect to his injuries and limitations. *See* ECF No. [50-3]. Indeed, there is no documentation in the record before the Court regarding Plaintiff's alleged disability. Moreover, numerous photographs attached to the Affidavit of Cheryl Pipe, the community manager of the Property, depicting Plaintiff riding a scooter, and standing and walking unaided, contradict Plaintiff's otherwise unsupported assertions. *See* ECF No. [48-4]. Accordingly, even viewed in the light most favorable to Plaintiff, the record does not support a finding that Plaintiff is disabled under the FHA. As a result, the Court need not consider Defendants' remaining arguments.

V.     **CONCLUSION**

For the reasons set forth, Defendants' Motion, **ECF No. [50]**, is **GRANTED**. Plaintiff's claims are dismissed with prejudice. The Clerk of Court shall **CLOSE** this case. The Court will enter judgment in favor of Defendants by separate order.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 28th day of November, 2018.

                                                      **BETH BLOOM**
                                                      **UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record